**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

**CHRISTOPHER BRUNSON, #311559**

      **Petitioner,**

**v.**                                            **2:05CV507**

**GENE M. JOHNSON, Director of the
Virginia Department of Corrections,**

      **Respondent.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 28 of the Rules of the United States District Court for the Eastern District of Virginia.

### I.  STATEMENT OF THE CASE

#### A.  Background

On April 17, 2002, in the Circuit Court for the City of Newport News, Virginia, petitioner was convicted of use of a firearm in the commission of a felony, unlawful wounding and two counts of maiming. Petitioner was sentenced to twelve years. Petitioner appealed to the Court of Appeals of Virginia, but the appeal was dismissed on November 21, 2002. Petitioner then appealed in the Supreme Court of Virginia, but the court dismissed the appeal on April 28, 2003. Petitioner filed a petition for writ of habeas corpus in the Newport News Circuit Court, but the petition was denied on October 13, 2004. Petitioner appealed the denial of the petition to the Supreme Court of Virginia, but the court dismissed the appeal on June 7, 2005.

On August 30, 2005, petitioner filed a petition for writ of habeas corpus in federal court, and on September 29, 2005, respondent filed a motion to dismiss and Rule 5 answer. The matter is now ripe for consideration.

### B.  Grounds Alleged

Petitioner alleges the following grounds:

1. The Commonwealth failed to disclose exculpatory evidence by withholding evidence of:

    a. leniency to Leon Clary and Clary's expectation of leniency;

    b. evidence that the victim, when questioned at the hospital immediately after the shooting, identified petitioner's co-defendant as the shooter but did not identify petitioner;

2. Ineffective assistance because counsel:

    a. failed to investigate and/or discover Clary's expectation of leniency;

    b. failed to investigate and/or discover that the victim did not identify petitioner on the night of the shooting;

    c. failed to object to the Commonwealth's attempt to bolster the case by having the victim admit that he testified in a similar fashion before the federal grand jury;

    d. failed to object to Clary's testimony that he previously told the police that his statement was the same as his current testimony;

    e. failed to call Ricco Riddick as a witness;

    f. called the victim as a witness on the stabbing case, which opened the door to the identification of petitioner;

    g. failed to object to the joining of two separate, unrelated offenses;

3. The accumulation of petitioner's claims of ineffective assistance of counsel entitles petitioner to relief; and

  4.  Petitioner's claims of error and claims of ineffective assistance of counsel in the aggregate entitle him to relief.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Motion to Dismiss Standard

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint is construed in the light most favorable to the plaintiffs and their allegations are taken as true. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989)(citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). The complaint should not be dismissed unless it appears to a certainty that the plaintiff can prove no facts in support of his claim which would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); GE Inv. Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2001); Martin Marietta Corp. v. Int'l Telecomms. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1993). The courts must construe the complaint liberally in favor of the plaintiffs, even if recovery appears remote and unlikely. In ruling on a 12(b)(6) motion, the court primarily considers the allegations in the complaint but may consider attached exhibits and documents incorporated by reference. See Simons v. Montgomery County Police Officers, 762 F.2d 30, 31 (4th Cir. 1985); Wolford v. Budd Co., 149 F.R.D. 127, 129-32 (W.D. Va. 1993).

### B. Standard of Review for State Court Findings

The federal statute regarding review of state court habeas corpus actions provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the

>    merits in State court proceedings unless the adjudication of the claim--
>
>    (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>    (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(2000).

This standard, adopted by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, is consistent with the Fourth Circuit's interpretation of 28 U.S.C. § 2254(d) prior to the passage of the new law. In Fields v. Murray, 49 F.3d 1024 (4th Cir. 1995), the court held that a review of a state court finding, which is entitled to a presumption of correctness, compels the habeas court to accord a high measure of deference to the state court. See id. at 1032-33 (citing Rushen v. Spain, 464 U.S. 114, 120 (1983); Sumner v. Mata, 455 U.S. 591, 598 (1982)). As stated in Marshall v. Lonberger, 459 U.S. 422 (1983), "[t]his deference requires that a federal habeas court more than simply disagree with the state court before rejecting its factual determinations. Instead, it must conclude that the state court's findings lacked even 'fair [] support' in the record." Id. at 432.

### C. Petitioner's Claims are Exhausted and are Subject to Federal Review.

The exhaustion requirement dictates that a petitioner must first present his claims for relief to state courts before a petition for habeas corpus may be granted by the federal courts.

>    (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to

>    the judgment of a State court shall not be granted unless it appears that--
>
>    (A)  the applicant has exhausted the remedies available in the courts of the State; or
>
>    (B)(i)  there is an absence of available State corrective process; or
>
>    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
>    . . . .
>
>    (c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)-(c)(2000).

A claim raised in a federal petition for writ of habeas corpus must be the same claim as that presented in state proceedings. See Picard v. Connor, 404 U.S. 270, 275-76 (1971); Pitchess v. Davis, 421 U.S. 482, 487 (1975); Joseph v. Angelone, 184 F.3d 320, 325 (4th Cir. 1999); Beck v. Angelone, 113 F. Supp.2d 941, 960-61 (E.D. Va. 2000); see also Anderson v. Harless, 459 U.S. 4, 6 (1982); Duncan v. Henry, 513 U.S. 364, 365 (1995); Satcher v. Pruett, 126 F.3d 561, 573 (4th Cir. 1997). Respondent concedes, and the Court agrees, that petitioner's claims are exhausted.

### D. The Commonwealth failed to disclose evidence regarding leniency for Leon Clary in exchange for his testimony, (Claims 1(a), and failed to disclose the victim's identification of co-defendant instead of petitioner, (Claim (b)).

In Claim 1(a), petitioner asserts various constitutional errors resulting from the Commonwealth's failure to disclose evidence that the Commonwealth would assist Clary if he testified against

petitioner, as well as evidence "regarding Clary's expectation of leniency." (Pet. at 15.) Petitioner correctly notes that the Commonwealth has a duty to disclose exculpatory evidence. Brady v. Maryland, 373 U.S. 83 (1963). Moreover, the Fourth Circuit has held that Brady applies to "not only that evidence tending to exculpate the accused, but also any evidence adversely affecting the credibility of the government's witnesses." United States v. Trevino, 89 F.3d 187, 189 (4th Cir. 1996)(citing United States v. Bagley, 473 U.S. 676, 676 (1985); Giglio v. United States, 405 U.S. 150, 154-55 (1972).

However, this Court is satisfied that the Commonwealth made no promises of leniency or assistance to the witness. The prosecutor advised petitioner's counsel that no such arrangement existed. (Mem. of Law in Support of Mot. to Dismiss, Ex. 2.) Clary testified at trial that he had not entered into any agreement with the prosecution. (Tr. at 55.) Clary's testimony at trial was consistent with the statement he gave in 1997, when no charges were pending against him. (Mem. of Law in Support of Mot. to Dismiss, Ex. 1.) Defense counsel, who "had access to the Commonwealth's entire file," could find "nothing in the file that would indicate that Clary had been promised leniency in return for his testimony." (Mem. of Law in Support of Mot. to Dismiss, Ex. 2.) Clary did not enter into a plea agreement with the Commonwealth until after petitioner's trial. (Mem. of Law in Support of Mot. to Dismiss, Ex. 1.) As a result of the plea, Clary was convicted of both counts as initially charged and sentenced within the sentencing guidelines. (Id.) Moreover, five months after petitioner's trial, the Commonwealth filed a motion in to revoke the suspension of a portion of Clary's sentence. (Id.) Because no promises were made to Clary, he had no reasonable expectation

6

of leniency. Therefore petitioner's request for evidence "regarding Clary's expectation of leniency" is misplaced.

Assuming, arguendo, that Clary did subjectively believe that leniency would be accorded him, Brady does not require disclosure of a baseless and unreasoned personal belief. Moreover, the Fourth Circuit has consistently held that Brady "does not apply if the evidence in question is available to the defendant from other sources." United States v. Beckford, 962 F.Supp. 780, 802 (E.D. Va. 1997)(citing United States v. Wilson, 901 F.2d 378, 380 (4th Cir. 1990); United States v. Kelly, 35 F.3d 929, 937 (4th Cir. 1994); United States v. Trevino, 89 F.3d 187, 193 n. 6 (4th Cir. 1996)). If petitioner wanted information about Clary's personal expectation for leniency, his opportunity to gather that information was during cross-examination. In fact, defense counsel's questions regarding pleas, promises made by the Commonwealth, and expectations of leniency take up three pages of the transcript. (Tr. at 55-57.) Clary's state of mind was thereby adduced at trial. The claim is without merit and should be dismissed.

In Claim 1(b), petitioner alleges that the Commonwealth failed to disclose a prior inconsistent statement made by the victim, specifically, that the victim could not identify petitioner as the shooter. The Court finds the affidavit of petitioner's trial counsel instructive:

> I saw nothing in the Commonwealth's file, . . . that indicated that [the victim] could not identify his attacker when he was questioned on the night of the shooting. Moreover, my investigation indicated that the victim identified [petitioner] by his street name since he did not know [petitioner]'s actual name. . . . I had no information through my investigation or through the Commonwealth's file that [the victim] ever stated to the police that he did not know who it was that shot him on the night

>of the shooting. Rather, it appeared he did not know [petitioner's] actual name.

(Mem. of Law in Support of Mot. to Dismiss, Ex. 2 at 2.) The evidence indicates that the witness identified "Cisco" as the person who "shot at him" and that "Cisco" is the name he knew petitioner by. (Mem. of Law in Support of Mot. to Dismiss, Attach., Letter from E.L. Price to Lt. L.M. Griffin (July 23, 1997).) Because petitioner acknowledges that "Cisco" is his nickname, the statement was not inconsistent. (Pet. at 18.) The claim is without merit and should be DISMISSED.

### **E. Petitioner did not receive ineffective assistance of counsel.**

The standards upon which claims of ineffective assistance of counsel are to be judged are relatively clear. They were established in Strickland v. Washington, 466 U.S. 668 (1984), and have been applied on numerous occasions by this Court. In Strickland, the Supreme Court approved as the proper standard for attorney performance that of "reasonably effective assistance." Id. at 687. The Court stated:

>The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.
>
>. . . .
>
>A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in

> the adversary process that renders the result unreliable.

Id. at 686-87.

There are, therefore, two elements of the Strickland test, each of which must be met before the conduct of counsel can be found constitutionally defective. First, petitioner must show that he received deficient legal representation, measuring the competency of his counsel against what "an objectively reasonable attorney would have done under the circumstances existing at the time of the representation." Savino v. Murray, 82 F.3d 593, 599 (4th Cir. 1996). Petitioner must also show actual prejudice; that is, he "must demonstrate that the error worked to his 'actual and substantial disadvantage,' not merely that the error created a 'possibility of prejudice.'" Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997)(quoting Murray v. Carrier, 477 U.S. 478, 494 (1986); Poyner v. Murray, 964 F.2d 1404, 1425 (4th Cir. 1992)).

The burden on petitioner is to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. That translates into a reasonable probability that "absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Id. at 695.

In analyzing trial counsel's performance under the "deficiency" prong of Strickland, a reviewing court is required to be highly deferential in scrutinizing counsel's tactics. See Bennett v. Angelone, 92 F.3d 1336, 1349 (4th Cir. 1996). Further, reviewing courts are admonished to "not permit the benefit of hindsight to impact . . . review." Bell v. Evatt, 72 F.3d 421, 429 (4th Cir. 1995)(citing Strickland, 466 U.S. at 689).

9

### 1. Counsel failed to investigate and/or discover Clary's expectation of leniency, (Claim 2(a)), and that the victim did not identify petitioner on the night of the shooting, (Claim 2(b)).

In Claim 2(a), petitioner asserts that his counsel was ineffective because he failed to discover the Commonwealth's statements made to Clary regarding leniency if he testified against petitioner and Clary's expectations of leniency. As noted in Section D above, petitioner's counsel performed an extensive cross-examination of Clary, and further impeachment of the witness would have been useless. See Lockhard v. Commonwealth, 542 S.E.2d 1 (Va. 2001). Therefore, even assuming, arguendo, that Clary had received a promise from the Commonwealth, because additional impeachment would have been futile, the claim does not meet the "prejudice" prong of Strickland. The claim is without merit and should be DISMISSED.

In Claim 2(b), petitioner asserts that counsel was ineffective for failing to discover an inconsistent statement made by the victim regarding the identification of petitioner as the shooter. As noted in Section D above, the Court finds that no such statement existed. Thus, counsel's failure to discover the statement does not satisfy the performance prong of Strickland. The claim is without merit and should be DISMISSED.

### 2. Counsel failed to object to the Commonwealth's attempts to bolster the victim's testimony, (Claim 2(c)), and Clary's testimony, (Claim 2(d)).

Petitioner asserts that counsel was ineffective by failing to object to the Commonwealth's attempt to "bolster its own witness by having [the victim] testify that he testified for the federal grand jury and told the grand jury the same thing that he said at trial," and by "having Clary testify that he spoke to police back in 1997[,] and told

10

police the exact same thing that he said at trial." (Pet. at 24.) The Court finds that counsel's failure to object to the Commonwealth's attempts to "bolster its own witness[es]" was a tactical decision. Counsel avers that he "knew that [he] was going to attempt to impeach these witnesses on cross examination and [therefore] the Commonwealth would be able to ask these questions on redirect." (Mem. in Support of Mot. to Dismiss, Ex. 2 at 3.) A tactical decision is neither sufficient to establish the performance prong of Strickland nor a proper subject of review of this Court. Bunch v. Thompson, 959 F.2d 1354 (4th Cir. 1991). Moreover, petitioner has failed to demonstrate prejudice as required by Strickland. There is simply no reasonable likelihood that the objections would have brought a different verdict. The claims are without merit and should be DISMISSED.

### 3. Counsel failed to call Ricco Riddick as a witness, (Claim 2(e)).

Petitioner asserts counsel was ineffective for failing to call Riddick as a witness because Riddick would have testified that petitioner was not the shooter. However, counsel found that the witness' "physical description of the shooter matched [petitioner] more closely than other descriptions given." (Mem. in Support of Mot. to Dismiss, Ex. 2 at 4.) Ultimately, "[t]he decision to call or not to call a witness [i]s a tactical decision to be made by counsel." Johnson v. Riddle, 281 S.E.2d 843, 846 (Va. 1981); United States v. Burkley, 511 F.2d 47, 50 (4th Cir. 1975). The Court finds that the decision not to call Riddick was a plausible trial strategy that should not be second-guessed on collateral review. Bunch, 949 F.2d at 1365.

Moreover, in the colloquy before trial with the court, petitioner stated that he was satisfied with his attorney and that all

11

desirable witnesses were present.  (Tr. at 9-10.)  In Virginia, as in the Fourth Circuit, "the truth and accuracy of representations made by an accused as to the adequacy of his court-appointed counsel . . . will be considered conclusively established by the trial proceedings, unless the prisoner offers a valid reason why he should be permitted to controvert his prior statements."  Anderson v. Warden, 281 S.E.2d 885, 888 (Va. 1981); Edmonds v. Lewis, 546 F.2d 566, 568 (4th Cir. 1976).  Petitioner offers no reason to believe Riddick's current statement over his earlier declaration.  The claim is without merit and should be DISMISSED.

### 4. Counsel called the victim as a witness on the stabbing case, opening the door to the identification of petitioner, (Claim 2(f).

Petitioner alleges that counsel was ineffective for calling the victim as a witness on the stabbing case, opening the door to the identification of petitioner.  Defense counsel's decision to call the victim was a tactical decision, made in an attempt "to extract additional information" from the victim.  (Mem. in Support of Mot. to Dismiss, Ex. 2 at 4.)  For the reasons stated in Section D-3 above, the claim is without merit and should be DISMISSED.

### 5. Counsel failed to object to the joining of two separate, unrelated offenses, (Claim 2(g)).

Petitioner asserts that counsel was ineffective when he failed to object to the joinder of petitioner's two trials. Again, the decision was a tactical decision and will not be second-guessed on collateral review.  (Mem. in Support of Mot. to Dismiss, Ex. 2 at 5.)  Furthermore, the trial judge, in denying a motion for new trial, found that joinder of the trials "did not influence [the court] one way or the other." (April 17, 2002 Tr. at 5.)  Petitioner has made no showing to the

contrary, and his claim fails the "prejudice" prong of Strickland. The claims is without merit and should be DISMISSED.

### 6. Claim 3 and Claim 4, when taken in the aggregate, amount to a constitutional violation, even if the individual claims themselves do not.

Petitioner asserts that when taken in the aggregate, all of his claims amount to a constitutional violation even if the individual claims themselves do not. This premise is foreclosed by Fourth Circuit case law. "To the extent this Court has not specifically stated that ineffective assistance of counsel claims . . . must be reviewed individually, rather than collectively, we do so now." Fisher v. Angelone, 163 F.3d 835, 852 (4th Cir. 1998). The court went on to say that "an attorney's acts or omissions 'that are not unconstitutional individually cannot be added together to create a constitutional violation.'" Id. (quoting Wainwright v. Lockhart, 80 F.3d 1226, 1233 (8th Cir. 1996)); see also Lenz v. Warden, 593 S.E.2d 292, 340 (Va. 2004). The cases petitioner cites in support of his argument are inapposite as they address the cumulative effect of otherwise harmless error on the part of the court, not defense counsel. The claims are without merit and should be DISMISSED.

## III. RECOMMENDATION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DISMISSED and respondent's motion to dismiss be GRANTED. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules

of Appellate Procedure. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

### IV.  REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(e) of said rules. See 28 U.S.C. § 636(b)(1)(C)(2000); FED.R.CIV.P. 72(b).  A party may respond to another party's objections within ten days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. See Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

                                                          **/s/**
                                       **James E. Bradberry**
                                       **United States Magistrate Judge**

**Norfolk, Virginia**

    **November 10**, **2005**

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report was mailed this date to each of the following:

    David B. Hargett, Esq.
    Hargett & Watson, PLC
    Seven South Adams St.
    Richmond, VA  23220-5601

    Thomas D. Bagwell, Esquire
    Assistant Attorney General of Virginia
    900 E. Main Street
    Richmond, VA  23219

                                   Elizabeth H. Paret, Clerk

                                   By _____
                                            Deputy Clerk

                              _____, 2005