**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

**CHRISTOPHER BRUNSON, #311559**

        Petitioner,

v.                                            2:05CV507

**GENE M. JOHNSON, Director of the**
**Virginia Department of Corrections,**

        Respondent.

**FINAL ORDER**

        This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254.  The petition alleges violation of federal rights pertaining to petitioner's convictions on April 17, 2002, in the Circuit Court for the City of Newport News, Virginia, for use of a firearm in the commission of a felony, unlawful wounding, and two counts of maiming, as a result of which he was sentenced to serve twelve years in the Virginia penal system.

        The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation.  The Magistrate Judge filed his report recommending dismissal of the petition on November 10, 2005.  By copy of the report, each party was advised of his right to file written objections to the findings and recommendations made by the Magistrate Judge.  The Court received from petitioner on November 25, 2005, objections to the report.

        The Court, having reviewed the record and examined the objections filed by the petitioner and having made de novo findings with respect to the portions objected to, does hereby adopt and approve the

findings and recommendations set forth in the Report of the United States Magistrate Judge filed November 10, 2005. It is, therefore, ORDERED that the petition be DENIED and DISMISSED on the merits and that judgment be entered in respondent's favor.

To the extent that petitioner objects to the numbering system used by the Magistrate Judge in the report and recommendation, his objection is without merit. The Court is allowed reasonable discretion in the creation of an opinion, and the numbering system used in the report and recommendation is consistent with the Magistrate Judge's opinions and facilitates the work of this Court.

To the extent that petitioner objects to the Magistrate Judge's conclusion that "no promises were made to Clary," the objection is without merit. The extensive cross-examination of Clary revealed that no promises had been made regarding the disposition of Clary's case, a fact confirmed by defense counsel's pretrial investigation and further confirmed, post-trial, when Clary's suspended sentence was revoked.

To the extent that petitioner objects to the Magistrate Judge's conclusion that petitioner was not misidentified, the objection is without merit. The record clearly established that the victim knew petitioner by his nickname, not his real name, and identified petitioner by his nickname the night of the shooting.

To the extent that petitioner objects to the Magistrate Judge's conclusion regarding counsel's failure to investigate Clary's expectation of leniency, the objection is without merit. In the course of trial, counsel explored what promises, if any, had been made to Clary and did so in a proper manner. The failure to ask a particular question, now deemed appropriate by petitioner, does not establish ineffectiveness; it merely reflects counsel performing his tasks as he deemed appropriate.

To the extent that petitioner objects to the Magistrate Judge's conclusion that counsel's failure to call Ricco Riddick as a witness was a tactical decision, the objection is without merit. Courts are constantly admonished not to overstep their bounds by intruding upon the reasonable decision-making a trial attorney is entitled to exercise in the course of defending his or her client. In each instance addressed by the Magistrate Judge in the report and recommendation, counsel exercised judgment of a professional nature, assessing whether a particular action would work to petitioner's benefit and proceeding accordingly. While counsel may have handled each situation in a different way, that is not to say the manner in which they were handled constitutes defective legal representation or resulted in actual prejudice.

To the extent that petitioner objects to the Magistrate Judge's conclusion that counsel was not ineffective for calling the victim as a witness, the objection is without merit. Defense counsel had a specific reason why the victim was an appropriate witness regarding a particular aspect of petitioner's case. To have not called the victim may have left another aspect of petitioner's defense vulnerable. In the course of trial, counsel made a decision at a moment in time when he was most entitled to rely upon his judgment, skill, and experience in exercising how to present the case. The action that counsel took, while in retrospect viewed unfavorably, does not make his conduct at the time the decision was made inappropriate nor make this Court conclude that petitioner suffered prejudice as a result thereof.

To the extent that petitioner objects to the Magistrate Judge's conclusion regarding counsel's failure to object to the joinder of cases for trial, the objection is without merit. The trial court, in denying a motion for new trial, found that joinder of the trials "did not influence

[the court] one way or the other." (4/17/02 Tr. at 5.) That said, petitioner has made no showing to the contrary, and there is an absence of prejudice as a result of counsel's decision.

To the extent that petitioner asserts that he has been unconstitutionally convicted as a result of the accumulation of all of his claims, the claim is without merit. The issue has been appropriately addressed in Fisher v. Angelone, 163 F.3d 835, 852 (4th Cir. 1998), and petitioner is not entitled to any further relief.

Petitioner may appeal from the judgment entered pursuant to this Final Order by filing a written notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty days from the date of entry of such judgment. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

The Clerk shall mail a copy of this Final Order to all counsel of record.

                                        **/s/ Jerome B. Friedman**
                                        **UNITED STATES DISTRICT JUDGE**

**Norfolk, Virginia**

**January 27, 2006**